Judge Owslef
delivered the opinion.
Craddock purchased from Renhick, two slaves, at tb» price of $10U0, paid part of the price in hand, executed fib obligation to Rennick for the residue, and received from him a bill Of sale Warranting the title of the slaves against all persons whatever.
Rennick assigned one of the obligations to Sbirly, but pajment being refused by Craddock when it became payable, Shirly brought suit and recovered jodgment at law.
To obtain relief from that judgment and the obligation remaining in the bands of Rennick, Craddock exhibited his bill in equity, with an injunction against the judgment, against both Shirly and Rennick, alleging that the title of the slaves was not in Rennick at the time of sale, and the defect of title was concealed from him by Rennick; that Rennick is insolvent and unable to compensate him for the loss w hich will accrue in consequence of the slaves belonging to others; and ask3 to be relieved from the judgment at law and the obligation still held by Rennick, and such further relief as his case may require.
The allegation of fraud is denied by both Shirly and Ren-nick,and theya liege that Craddock, before, and at the time of Sale, knew the situation of the title of the slaves, and purchased relying on the warranty of Rennick and his ability to prevent those having claim from obtaining the slaves.
The bill was dismissed on a final hearing at the cost of Craddock, and his injunlion dissolved with ten per cent damages on the amount of the judgment at law. From thafjudgment, Craddock bas appealed to this court.
This court has scarcely ever witnessed a case where there- *289 was less pretext for applying to the chancellor for relief, than the present. It not onlj appears, that, at the time of purchasing the slaves, Craddock well knew the difficulties in relation to the title of which be now complains, and the embarrassed circumstances of Rennick; but it also appears, that, although he received from Rennick a bill of sale warranting the title against the claim of others, he relied more upon his own skill and dexterity in preventing those having claim from recovering the possession of the slaves, than upon the ability of Rennick to make good the title; and in furtherance of that reliance, it is proven, that he has by selling the most valuable slave, caused him to be taken from the country.
Under these circumstances, it would be a gross perver* sion of the principles upon which the chancellor acts to grant relief to Craddock.
The decree must be affirmed with cost and damages Upon the damages in the court below.